UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

FRANK ANTHONY MELCHOR,

         Petitioner,         Case No. 1:21-cv-122

v.                                Honorable Paul L. Maloney

DARRELL STEWARD,

         Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

**I.      Factual allegations**

Petitioner Frank Anthony Melchor is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. Petitioner pleaded *nolo contendere* in the Oceana County Circuit Court to attempted murder, in violation of Mich. Comp. Laws § 750.91, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On August 29, 2011, the court sentenced Petitioner to a prison term of 8 to 30 years for attempted murder, to be served consecutively to a sentence of 2 years for felony-firearm.

On January 29, 2021, Petitioner filed his habeas corpus petition challenging the Michigan Parole Board's recent denial of parole:

> The ruling entered by the Michigan Parole Board is a ruling that has resulted in the [Petitioner] being provided with a parole board denial/continuance for a term of 12 months on a denial of parole that is not based on the facts, correct records and all information required by Michigan Compiled Law 750.233.
>
> [Petitioner] directly challenges the ruling of the Michigan Parole Board and says that the decision is not based on truth, and that the recommendations provided by the [parole board] are reasons that have already been considered at during the [Petitioner's] sentencing on the guidelines in court as well and the [parole board was] required to use all the facts of the [Petitioner's] case when issuing their ruling and, as that they have failed to do so, it has resulted in a decision/ruling not based on the true totality of the facts.
>
> [Petitioner] states that the [parole board's] decision shows that the many positive and good things that the [Petitioner] has done were not considered based on the few negative things that were listed as the reason or the parole denial, and as such, the ruling was not fair and impartial but was lacking in any true balance of due process as guaranteed by the state and federal constitutions.
>
> As such, the [Petitioner] understands that the Court does not have the authority to order a parole, however, the Court has the full authority to ensure that the correct ruling and information has been used during the parole process, and, as such, the [Petitioner] brings this action under *Jackson v. Jamrog*[, 411 F.3d 615 (6th Cir. 2005)].

(Pet., ECF No. 1, PageID.1–2.) According to the Michigan Department of Corrections, the first date Petitioner was eligible for parole—his earliest release date—is February 14, 2021. See https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=591832 (visited Feb. 7, 2021). Apparently the recent parole denial was Petitioner's first.

## II.     AEDPA standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 101 (2011) quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299

F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Alvarado*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546-547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015) and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court 28 U.S.C. § 2254(d)—for example, if he procedurally defaulted the claim—AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*.[1]  *Id*. citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

---

[1] Under *de novo* review, if the Court determined that Petitioner's constitutional rights were not violated, it necessarily follows that the Court would reach the same conclusion applying AEDPA deference, even if the Court disagreed with the state court's reasoning, because "AEDPA deference applies to the state court's decision . . . not its reasoning." *Holland v. Rivard*, 800 F.3d 224, 236–237 (6th Cir. 2015).

5

**III.    Discussion**

Petitioner's habeas claim fails on two levels.  First, Petitioner has failed to link the fact that he is held in custody with the constitutional violation he alleges.  And second, the violation he alleges is not a federal constitutional violation.

In *Bailey v. Wainwright*, 951 F.3d 343 (6th Cir. 2020), *cert. denied* 141 S. Ct. 316 (2020), the Sixth Circuit Court of Appeals considered an argument similar to the that presented by Petitioner:

> Section 2254(a) permits courts to "entertain an application for a writ of habeas corpus . . . only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Most habeas cases implicate the "in custody" or "in violation of" federal law requirement by themselves.  We face a different problem—a prisoner who does not purport to be in custody in violation of federal law, but who is in custody, complains of an unconnected violation of federal law, and claims a right to proceed all the same under § 2254(a).

*Bailey*, 951 F.3d at 346.  Petitioner likewise states that he is in custody and that he has suffered a violation of law—a violation of due process as guaranteed by the federal constitution.

The Sixth Circuit concluded that the habeas statute does not permit the court to view the § 2254(a) requirements of "in custody" and "in violation of the Constitution or laws or treaties of the United States" in isolation:

> The words "in custody" convey any conditions that "significantly restrain" a petitioner's "liberty," *Jones v. Cunningham*, 371 U.S. 236, 243 (1963), such as imprisonment, parole restrictions, or consecutive sentences.  *Peyton v. Rowe*, 391 U.S. 54, 64–65 (1968) (physical restraint and consecutive sentences); *Jones*, 371 U.S. at 242–43 (parole).  The phrase "in violation of the Constitution or laws or treaties of the United States" has an equally straightforward meaning.  A petitioner must claim that his custody violates federal law, not state law, not some other source of law.  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam).
>
> Bailey satisfies each of these requirements in isolation.  He is "in custody" because he is serving a life sentence.  And his petition rests on a violation of federal law because he claims that Ohio violated his Fourteenth Amendment due process rights.  But he has not tied the two together.  Bailey does not contend that he is in custody in violation of federal law—in other words, that he is in custody due to a

>violation of federal law.  At its core, Bailey's petition alleges only that he has been deprived of an accurate parole record in violation of federal law.  That kind of claim falls outside § 2254(a)'s domain.

*Bailey*, 951 F.3d at 346.

Bailey offered two theories to establish the necessary link:  first, he claimed that Ohio created a protected liberty interest in an accurate parole record and then deprived him of that interest without due process; and second, he argued that due process forbids arbitrary decisions such as refusing to correct a flawed parole record.  The court rejected both arguments because, even if successful, neither "would cause him to obtain parole or otherwise change his custody status."  *Id*.  The court determined that Bailey could not make that claim because "Ohio does not give inmates a right to parole; the Board has authority to grant or deny a candidate's application at its discretion."  *Id*.  Thus, even if Bailey could demonstrate the due process violation(s) he alleged, the result would not "cause him to obtain parole or otherwise change his custody status"; it would, at best, get Bailey another hearing where the parole board would again be free to grant or deny parole in its discretion.  *Id*.

The absence of a link between the alleged constitutional violation and the fact or duration of Petitioner's custody "[took] "Bailey to the end of one road for relief.  But it [did] not foreclose another.  Nothing prevent[ed] Bailey from using § 1983 to raise these or similar claims."  *Bailey*, 951 F.3d at 347.[2]  Petitioner's claim is virtually identical to Bailey's.  Accordingly, the

---

[2] The *Bailey* court recognized that the circuit had reached a different conclusion in *Terrell v. United States*, 564 F.3d 442 (6th Cir. 2009).  *Terrell*, however, involved two federal prisoners using a § 2241 petition to challenge a parole denial contending that the federal government violated their due process rights because it did not provide them in-person parole hearings.  The *Terrell* panel determined that the court had jurisdiction over the petitioners' habeas petition even though it did not challenge their custody.  *Terrell*, 564 F.3d at 445.  The *Bailey* court distinguished *Terrell* because *Terrell* was based on § 2241 instead of § 2254.  Judge Stranch wrote a dissent in *Bailey* that concluded the distinction did not warrant different treatment and that the remedies afforded by 28 U.S.C. § 2254 and 42 U.S.C. § 1983 were not mutually exclusive in this context.

same result is appropriate here. Petitioner's claim "falls outside § 2254(a)'s domain." *Bailey*, at 346. The claim therefore is properly dismissed.

Even if Petitioner's claim could be brought under § 2254(a), his claim would fail because there is no due process right to parole or a particular parole process in Michigan. Plaintiff claims that the Michigan Parole Board violated his due process rights by failing to consider all of his circumstances, the positive as well as the negative, and, thus, the "true totality of the facts" when denying his parole.

To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*,

the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (Mich. 1999).

Under this authority, until Petitioner has served his 32-year maximum sentence (2 years for felony-firearm followed by 30 years for attempted murder), he has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Petitioner for parole, therefore, implicates no federal right. In the absence of a liberty interest, Petitioner's procedural due process claim is deficient on the face of the petition.

Plaintiff also asserts that he is entitled to relief under the authority of *Jackson v. Jamrog*, 411 F.3d 615 (6th Cir. 2005). In *Jackson*, the petitioner filed a habeas petition under § 2254 challenging the constitutionality of a Michigan statute that permitted an appeal of a decision granting parole to a prosecutor or crime victim, but did not afford an appeal of a decision denying parole to a prisoner. Jackson argued that the statute violated his equal protection rights. The district court denied relief because the state had a rational basis for the distinction. The Sixth Circuit affirmed that judgment.

There is no connection between Petitioner's claim and the claim raised by Jackson. Petitioner does not challenge Michigan's parole procedures as violative of the Equal Protection Clause. Indeed, even if Petitioner attempted to shoehorn his claim into the form of an equal protection claim, *Jackson* would not permit him relief, because the analysis in *Bailey* would foreclose habeas consideration of the claim. Although one can conceive of an equal protection claim arising out of parole denial that might connect the constitutional violation to the fact or duration of custody—for example, a claim that the parole board denied the prisoner parole because of his race—that is not the type of claim raised by Petitioner here. Instead, Petitioner complains about the process and seeks another bite at the apple—a procedurally proper parole hearing where the parole board would, once again, have an opportunity to exercise its virtually unfettered discretion. Where the remedy is simply another such hearing, the link between "custody" on the one hand, and the "violation of the constitution" on the other hand, is simply not close enough to support an exercise of habeas jurisdiction under § 2254(a).

For all of these reasons, Petitioner is not entitled to habeas relief.

### IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.  Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   February 11, 2021                              /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge